UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard P. Landers, Civil File No. 00-2233 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

The National Railroad Passenger Corporation, d/b/a Amtrak,

Defendant.

---

This matter is before the Court on four Motions in Limine filed by Defendant The National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak"). For the following reasons, the Court grants two of the Motions in part and denies them in part, denies one of the Motions, and denies one of the Motions without prejudice.

**DISCUSSION**

**A. Motion to Exclude Evidence Regarding Other Performance Ratings**

In this case, there were seven management performance areas in which Plaintiff Richard Landers was rated. Landers' direct supervisor, Gary Erford, gave Landers four "7" ratings and three "3" ratings. Landers' secondary supervisor, Joy Smith, lowered these ratings to two "2" ratings and five "3" ratings. A "2" rating was defined as "rarely met expectations," and a "3" rating was defined as "met expectations, partially achieved goals."

APR 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On summary judgment, the Court determined that Landers could only succeed on his defamation claim if he could show that the two "2" ratings were false. December 28, 2001, Order at 12.

Pursuant to this Order, Amtrak seeks to exclude evidence related to ratings other than the two "2" ratings. Landers, on the other hand, argues that Smith's lowering of three of the "7" ratings to "3" ratings was also defamatory. Landers justifies his argument by claiming that the "bottom line" is that the dropping of the three "7" ratings to "3" ratings resulted in Landers falling into the bottom 10% of managers and getting terminated. Excluding evidence related to these three "3" ratings, Landers claims, would leave him without an adequate remedy.

In Minnesota, defamation consists of (1) a statement that is false; (2) that is communicated to someone other than the plaintiff; and (3) tends to harm the plaintiff's reputation and lower him or her in the estimation of the community. Bolton v. Minnesota Dept. of Human Servs., 540 N.W.2d 523, 525 (Minn. 1995); Rouse v. Dunkley & Bennett, P.A., 520 N.W.2d 406, 410 (Minn. 1994). Smith's act of lowering Landers' ratings is merely conduct. Conduct, standing alone, does not form the basis for a defamation action. See Bolton, 540 N.W.2d at 525. In this case, the only "statements" at issue are the linguistic counterparts to the numerical ratings. As the Court held during summary judgment, Landers cannot show that three "3" ratings, which are defined as an employee meeting expectations and partially achieving goals, harm his reputation and lower him in the estimation of the

community. Accordingly, Amtrak's Motion is granted insofar as it seeks to prevent Landers from arguing or producing evidence to show that the three "3" ratings were defamatory.

Landers may, however, introduce evidence related to all of the ratings for the limited purpose of demonstrating that Smith acted maliciously. Although lowering three "7" ratings to "3" ratings cannot, as a matter of law, constitute defamation, such a lowering may be relevant to show that Smith harbored ill will towards Landers.

### B. Motion to Exclude Evidence Regarding Landers' Termination, Wage Loss, and 10% Cuts

Amtrak seeks to exclude any evidence related to Landers' termination, wage loss, or the performance evaluation. According to Amtrak, even if Smith had not lowered Landers' performance in both Safety and Financial Resources to "2," Landers still would have fallen into the bottom ten percent of managers. Thus, Amtrak argues, he would have been terminated anyway, and there is no need to adduce evidence related to his termination.

Landers, on the other hand, renews his objections to the Court's holding on summary judgment. Landers essentially contends that the paramount act of defamation was labeling him in the bottom ten percent of managers and that the Court should therefore allow him to broaden the defamation claim to include the entire performance evaluation for fiscal year 1999.

Landers may not broaden the scope of his defamation claim at this stage of the proceedings. As the Court held on summary judgment, Landers may only succeed in his

defamation claims if he can demonstrate that the two "2" ratings were false and overcome Smith's qualified privilege. Amtrak's Motion is granted to the extent that it seeks to prevent Landers from arguing or producing evidence that the entire performance evaluation was defamatory. Landers, however, may produce evidence related to his termination, wage loss, and the performance evaluation insofar as that evidence relates to malice on the part of Smith and damages caused in whole or in part by the two alleged defamatory statements.

**C. Motion to Exclude Evidence on Medical Conditions**

Amtrak anticipates that Landers will attempt to demonstrate that Joy Smith lowered his performance ratings with actual malice by arguing that Smith knew of and acted because of his Bell's palsy. According to Amtrak, evidence regarding Landers' Bell's palsy should be excluded because this Court found, in its Order dismissing Landers' claims of disability discrimination under the MHRA, that Landers was not disabled. In essence, Amtrak contends that any argument by Landers that his Bell's palsy motivated Smith's decisions amounts to a revivification of Landers' disability discrimination claim. Furthermore, Amtrak argues that this evidence would be confusing and prejudicial. See Fed. R. Evid. 403.

The Court is generally reluctant to grant broad motions in limine. In this case, allowing Landers to adduce evidence that Smith did not like Landers and acted maliciously on the basis of that dislike is relevant to overcoming Smith's qualified privilege. It is possible that any ill will that Smith may have harbored for Landers stemmed from Landers' Bell's palsy. The fact that the Court recognizes such a possibility, however, should in no

way be construed as an invitation for Landers to revitalize his disability claim. At the summary judgment stage, the Court determined that Landers' Bell's palsy did not materially limit a major life activity. That ruling stands. Landers may, however, introduce evidence related to his Bell's palsy for the limited purpose of showing that Smith acted maliciously.

**D. Motion to Exclude Anonymous Performance Evaluation**

Landers wants to introduce into evidence a document that he claims is a copy of his original performance review, completed and signed by Gary Erford. Landers received this copy anonymously through the mail sometime in June 2000. This document differs in some respects from the performance reviews that Amtrak claims to have kept in the regular course of its business. Amtrak seeks to exclude this document pursuant to Fed. R. Evid. 901, which requires that evidence be authenticated to be admitted. Alternatively, Amtrak also seeks to exclude the document under Fed. R. Evid. 1003, which allows a duplicate copy of a document to be admitted in place of the original if there is no genuine question raised as to the authenticity of the original. In essence, Amtrak contends that there are no witnesses who can authenticate the document and that, in any event, there is a genuine question as to the authenticity of the original which precludes admission of a duplicate.

At this stage, neither party has provided the Court with sufficient information to make an informed ruling on the admissibility of this supposed copy of the performance review. Amtrak is correct that to be admitted the document must be authenticated and that the mere signature of Erford is insufficient, in light of Amtrak's challenge, to constitute such

authentication. This, however, does not mean that it is impossible to authenticate the document. Although Landers provides no basis in his reply to Amtrak's Motion justifying admission, the Court will deny the Motion without prejudice and will take up the matter again during the course of the trial. As other courts have stated, the "better practice is to deal with questions of admissibility of evidence as they arise." Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). This is especially appropriate when the motions turn on facts to be developed at trial. See Deghand v. WalMart Stores, Inc., 980 F.Supp. 1176, 1179-80 (D. Kan. 1997).

**CONCLUSION**

For the foregoing reasons, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Motion to Exclude Evidence Regarding Other Performance Ratings (Clerk Doc. No. 42) is **GRANTED in part and DENIED in part** as set forth above;

2. Defendant's Motion to Exclude Evidence Regarding Landers' Termination, Wage Loss, and 10% Cuts (Clerk Doc. No. 43) is **GRANTED in part and DENIED in part** as set forth above;

3. Defendant's Motion to Exclude Evidence on Medical Conditions (Clerk Doc. No. 41) is **DENIED**; and

4. Defendant's Motion to Exclude Anonymous Performance Evaluation (Clerk Doc. No. __) is **DENIED without prejudice.**

Dated: April 25, 2002

Paul A. Magnuson
United States District Court Judge