UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard P. Landers,

Plaintiff,

v.

The National Railroad Passenger Corporation, d/b/a Amtrak,

Defendant.

Civil File No. 00-2233 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff Richard P. Landers' Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial. For the reasons that follow, the Motion is denied.

A through recitation of the facts in this case is unnecessary. It suffices to say that this case arose out of Landers' suit against Defendant The National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak") for discrimination, defamation, and breach of contract. On Amtrak's Motion for Summary Judgment, the Court held that Landers could proceed to trial only on his claim that Amtrak's numerical ratings of his performance for the 1999 fiscal year were defamatory. In the 1999 performance review, Landers was rated by his secondary supervisor, Joy Smith, on a scale of 1 to 7 in seven performance areas. The Court specifically determined that Landers could only succeed on his defamation claim if he

JUN 1 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

could show that two "2" ratings, defined as an employee rarely meeting expectations, were false. December 28, 2001, Memorandum and Order at 12.

Following trial, the jury issued a verdict in favor of Amtrak. Landers now brings the instant Motion, arguing that: (1) the Court erred by failing to submit to the jury the issue of whether three "3" ratings that he received on the review were defamatory; (2) the Court improperly instructed the jury that Landers had to establish actual malice in order to overcome a qualified privilege; and (3) the evidence as a whole does not support the jury's verdict.

A district court should render judgment as a matter of law only when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); see also Boudreau v. Wal-Mart Stores, Inc., 249 F.3d 715, 717-18 (8th Cir. 2001) (citing Heating & Air Specialists, Inc. v. Jones, 180 F.3d 923, 932 (8th Cir. 1999)). In brief, the standards for granting judgment as a matter of law are essentially the same as those for granting summary judgment. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1081 (8th Cir. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

The Court may grant a new trial if, because of an unsupported verdict, an excessive damage award, or significant legal errors at trial, a "miscarriage of justice" has occurred. Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996); Hannah v. Haskins, 612 F.2d 373, 376 (8th Cir. 1980) (stating that a new trial is appropriate if "prejudicial error has been

committed in the trial of the action").

Landers' primary contention is that the Court erred by ruling that he could not show that the three "3" ratings were defamatory. Although Landers has not been particularly clear in articulating his precise theory of the case, the Court can conceive of no theory that would justify allowing Landers to proceed on his claim that the entire performance review, the act of lowering Landers' ratings, or the three "3" ratings themselves were defamatory. Only statements can be defamatory, and the only statements at issue in this case are the linguistic counterparts to the numerical ratings. The statement that an employee "met expectations and partially achieved goals" simply cannot subject that employee to the sort of contempt or disrepute compensable by the law of defamation.

Landers second argument that the Court erred by requiring him to show actual malice in order to recover on his defamation claim is similarly meritless. During the summary judgment phase of this litigation, Landers conceded that the ratings in the performance review were subject to a qualified privilege. (Pl.'s Opp'n Mem. Summ. J. at 36.) Accordingly, Landers waived any argument to the contrary.

Finally, Landers' argument that the evidence as a whole does not support the jury's verdict fails. After carefully deliberating in this matter, the jury found that although the two "2" ratings for safety and financial resources were false, Joy Smith did not act with actual malice in giving Landers these ratings. Landers contends that there was evidence undermining Smith's credibility and, accordingly, that this demonstrates ill-will towards him.

Essentially, as Amtrak notes, Landers is now asking the Court to make the kind of credibility determinations that are squarely within the province of the jury. As the Court found during the summary judgment phase of this case, the existence of actual malice is generally a question of fact for the jury. See Kletschka v. Abbott Northwestern Hosp., Inc., 417 N.W.2d 752, 756 (Minn. Ct. App. 1988) (citing Frankson v. Design Space Int'l, 394 N.W.2d 140, 144 (Minn. 1986)). The question was submitted to the jury in this case, and based on ample evidence in the record, the jury rendered a verdict in favor of Amtrak. The Court will not set that verdict aside.

Accordingly, based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial (Clerk Doc. No. 73) is **DENIED**.

Dated: June 13, 2002

Paul A. Magnuson
United States District Court Judge